UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANELL R.,

                         Plaintiff,

v.                                                                                        CASE # 1:21-cv-00166

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>MARY ELLEN GILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>  Counsel for Defendant<br>6401 Security Boulevard<br>Baltimore, MD 21235 | HEETANO SHAMSOONDAR,<br>ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      **RELEVANT BACKGROUND**

    A.      **Factual Background**

Plaintiff was born on April 2, 1972 and has at least a high school education. (Tr. 216, 220). Generally, plaintiff's alleged disability at the time of application was post-traumatic stress disorder (PTSD), right knee and foot issues, psoriasis, depression, tendonitis, bilateral carpal tunnel, and stomach problems. (Tr. 219).

    B.      **Procedural History**

On August 22, 2017, plaintiff protectively applied for Supplemental Security Income Benefits (SSI) under Title XVI. (Tr. 191). Plaintiff's application was denied initially, and she timely requested a hearing before an Administrative Law Judge (ALJ). On December 16, 2019, plaintiff appeared telephonically before ALJ Hortensia Haaversen. (Tr. 91-126). On March 24, 2020, ALJ Haaversen issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 8-24). On December 8, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    C.      **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since August 22, 2017, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: osteoarthrosis; degenerative joint disease of the knees (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) and SSR 83-10, except the claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can stand or walk 2 hours in an 8-hour workday; and she can sit about 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. (This residual functional capacity is based on the January 23, 2018 opinion of Gary Ehlert, M.D. (B3A), with occasional climbing of ramps and stairs, in consideration of the consultative examiner's findings and opinion.)

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 2, 1972 and was 45 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 22, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 8-24).

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Argument

Plaintiff argues the ALJ substituted her lay judgment for medical opinion regarding mental limitations and formulated an unsupported RFC with no off-task provision. (Dkt. No. 7 [Pl's Mem. of Law]).

**B.     Defendant's Arguments**

In response, defendant argues the ALJ properly evaluated the record as a whole, including the medical opinion evidence, and that the RFC with no mental limitations was supported by substantial evidence. (Dkt. No. 8 [Dec.'s Mem. of Law]).

**III.    RELEVANT LEGAL STANDARD**

**A.     Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.     ANALYSIS

The ALJ found the plaintiff had the severe impairments of osteoarthrosis and degenerative joint disease of the knees. (Tr. 14). The ALJ discussed that she also considered plaintiff's other medically determinable impairments, including those not severe, when assessing the RFC. (Tr. 15). In particular, the ALJ found plaintiff's medically determinable mental impairments of depressive disorder and anxiety did not inhibit plaintiff's ability to function on a daily basis and were therefore not severe as directed by the disability regulations after applying the "paragraph B" special technique. (Tr. 15). As the Second Circuit has explained, this technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment and if so, must then rate the degree of functional limitation resulting from the impairment(s) in accordance with four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. Under the paragraph B special criteria, the ALJ appropriately explained her reasoning in reaching her conclusions about the four broad areas of mental functioning at Step 2 of the sequential evaluation, finding that plaintiff had no limitations in the functional areas of. *See* 20 C.F.R. § 416.920a(d)(1) ("If we rate the degrees of your limitation as "none" or "mild," we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.").

Plaintiff does not take issue with the ALJ's finding that her depressive disorder and anxiety were non-severe impairments, and her single argument is the ALJ should have imposed limitations for the non-severe mental impairments in the RFC. (Dkt. No. 7 at 8-9). The Court rejects this basis for remand.

Plaintiff correctly maintains that despite being a non-severe impairment, the ALJ was required to consider the effects of all impairments, including both severe and non-severe, in formulating plaintiff's RFC. *See McAninch v. Astrue*, 2011 WL 4744411, at *24 (W.D.N.Y. Oct. 6, 2011) (*citing Walterich v. Astrue*, 578 F.Supp.2d 482, 503, 512 (W.D.N.Y. 2008)) (adopting report and recommendation that in determining whether a claimant is disabled, the ALJ is required to address multiple impairments in combination and to consider their cumulative effect as well as the combined effects of nonsevere impairments (*citing Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995) (the SSA must evaluate the "combined impact [of a claimant's impairments] on a claimant's ability to work, regardless of whether every impairment is severe"))).

In the instant case, the ALJ considered the opinions of state agency psychological consultant Dr. D. Brown and psychiatric consultative examiner Dr. Ransom, both of whom found plaintiff had at most mild limitations from her mental health impairments. (Tr. 16, *see* Tr. 138-39, 406; *see* 20 C.F.R. § 416.920c(c)(1), (2); see also 20 C.F.R. § 416.913a(b)(1)(State agency psychological consultants are highly qualified and experts in Social Security disability evaluation)). In January 2018, Dr. Brown reviewed the record and opined that plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing herself. (Tr. 138-39). The ALJ found this opinion persuasive and that it was well explained with appropriate citations to the medical evidence and consistent with the findings and opinions of Dr. Ransom. (Tr. 16, *See* Tr. 138). Dr. Ransom examined plaintiff in December 2017 and opined that plaintiff would have "very mild" episodic difficulties understanding, remembering, and applying complex directions and instructions; regulating emotions; controlling behavior; and maintaining wellbeing. (Tr. 406). Dr. Ransom also noted plaintiff last received mental health treatment almost a year prior to her SSI

application date. (Tr. 404). The ALJ found Dr. Ransom's medical opinion persuasive as it was supported by her unremarkable mental status examination findings. (Tr. 16).

Thus, the record establishes the ALJ did consider plaintiff's non-severe mental health impairments, but nothing in the record indicated there were limitations to plaintiff's ability to perform work related activities based on any mental impairment. The ALJ's finding that further RFC limitations were not necessary to account for the effects of plaintiff's non-severe mental impairments, was supported by substantial evidence, and was not the product of legal error. *See e.g., Heather C. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 90709 at *11 (N.D.N.Y. 2022)(ALJ did not err when he made an RFC finding that did not include mental health limitations, despite medical opinion evidence of "mild" difficulties in social functioning and stress, where plaintiff's mental health impairments were properly found to be "non-severe" at Step Two, causing "no more than a minimal effect" on the plaintiff's ability to work).

Essentially plaintiff also contends that Dr. Ransom's opinion of "very mild" episodic difficulties in understanding, remembering, and applying complex directions and instructions; regulating emotions; controlling behavior; and maintaining well-being equate to plaintiff being off-task 10% of the workday. (Dkt. No. 7 at 9). However, plaintiff has not identified any supported additional limitations. It is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and she has failed to do so. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). It is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing court must afford the Commissioner's determination considerable deference and cannot substitute its own judgment even if it might justifiably have reached a different result upon a de novo review).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**DENIED;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 8) is

**GRANTED.**

Dated: January 2, 2024                      *J. Gregory Wehrman*
Rochester, New York                HON. J. Gregory Wehrman
                                                      United States Magistrate Judge